UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY, LLC,<br><br>    Plaintiffs,<br>vs.<br><br>OMEGA FARM SUPPLY, INC., d/b/a<br>OMEGA FARM SUPPLY<br>& GIN COMPANY<br><br>    Defendant. | CIVIL ACTION NO.  4:14-cv-00870-JAR |

## MOTION TO COMPEL

Plaintiffs Monsanto Company and Monsanto Technology, LLC (collectively "Monsanto"), pursuant to Federal Rule of Civil Procedure 37, respectfully request this Court compel Defendant to fully respond to and produce all documents responsive to Monsanto's First Interrogatories and Requests for Production.  In support of this Motion, Monsanto states as follows:

    1.    On March 25, 2015, Monsanto served its First Set of Interrogatories and Requests for Production on Defendant Omega Farm Supply, Inc., d/b/a Omega Farm Supply & Gin Company ("Omega").

    2.    On May 5, 2015, Omega responded to the Interrogatories and indicated they "will produce" certain responsive documents subject to Omega's objections to Monsanto's requests for production.  A true and accurate copy of these responses along with the discovery requests are attached hereto as Exhibit 1.

    3.    Many of Omega's May 5, 2015 responses were deficient.

6203450

4.     Counsel for Monsanto, Dan Cox, wrote a letter describing in detail the deficiencies and sent that letter to Omega's counsel on May 22, 2015.  A true and accurate copy of this letter is attached hereto as Exhibit 2.

5.     In Interrogatory 1, Monsanto requests Omega to "describe in detail each grower and entity for whom you caught seed between 2009 and the present."  Monsanto asks that the description contain the grower contact information, the years seed was caught, and the identity of documents evidencing that Omega returned seed to each grower or entity after ginning.  In response, Omega made a plethora of objections and then responded that "Omega does not maintain record indicating the exact years of such activity".  In fact, it does.  When working to resolve matters with other growers in the area, including prior litigation, Monsanto became aware that Omega did maintain the information sought in Interrogatory 1.  And in Monsanto's counsel's May 22, 2015 letter, Monsanto's counsel attached 7 pages of <u>Omega's own documents</u> which demonstrate the information sought.   Further, Monsanto also challenged Omega's position that Omega does not maintain these records by pointing to the testimony of Omega's manager, Michael Brooks, who was previously deposed and testified about the documents and how they are maintained.  **Monsanto requests that Omega be ordered to review its records, all of which are computerized, and conduct a search to determine each grower who received cotton seed from Omega's gin for the requested years, without objection (and produce those records as responsive to Monsanto's document requests).[1]**

6.     In Interrogatory 2, Monsanto asked Omega to identify all persons to whom it sold or transferred cotton seed from another grower's harvest.  In response, after baseless objections, <u>Omega stated that "it is not aware</u> of any such growers."  In fact, in the same May 22 letter,

---

[1] Omega identified 7 growers, all of whom *Monsanto* previously identified as persons for whom Omega caught seed. Omega must properly respond to this request and identify all such persons.

Monsanto identified for Omega, with Omega's records, two such growers of which Monsanto was aware (Jamie Patrick and Eric Mullis).  **Monsanto requests that Omega respond fully and truthfully to this request, without objection, after conducting a search of it records to determine the identity of all such growers.**

7. **Omega has refused to answer or answer in full Interrogatory Nos. 3, 4, 5, and 7, and should be compelled to do so.**

8. Omega has refused to produce any documents requested in Request for Production No. 1.  After baseless objections, Omega contends that "all of the documents relating to cottonseed have been produced to Monsanto."  They have not been.  In fact, Monsanto only became aware (from one grower) that there are numerous types of documents for each grower for whom Omega caught cotton seed.  **Omega refuses to produce these documents and should be compelled to conduct a search and produce them.**

9. In Request for Production No. 2, Monsanto seeks documents relating to the mechanical changes it made to its gin (as referred to in Omega's response to Interrogatory No. 6).  Omega hasn't produced any such documents.  **Monsanto requests that Omega be compelled to produce all such responsive documents (documents showing labor costs, material costs, date of construction/modification, etc.).**

10. **Monsanto requests that Omega be compelled to produce documents responsive to Request Nos. 3, 4, 5, 6, 7, 8 and 9 or produce a privilege log for such documents.**

11. The parties tried to resolve the deficiencies without Court involvement.  Omega agreed to produce additional documents.

12. On June 19, 2015, Omega produced the "first batch" of additional documents.

13. On July 7, 2015, Monsanto's counsel, Dan Cox, inquired when the remaining documents would be produced. A true and accurate copy of the June 19, 2015 and July 7, 2015 e-mails are attached hereto as Exhibit 3.

14. As of the filing of this motion, no additional documents have been produced.

15. On July 16, 2015, Monsanto served Omega with a second set of interrogatories and request for production of documents.

16. On August 11, 2015, Monsanto's counsel, Matt Bober, sent another e-mail to Omega's counsel concerning Omega's supplemental production to Monsanto's first discovery requests. Monsanto asked that Omega produce the remaining responsive documents on or before August 18, 2015, at the same time that Omega's responses and production to Monsanto's second discovery requests were due. A true and accurate copy of this e-mail is attached hereto as Exhibit 4.

17. Later on August 11, 2015, counsel for both parties, Matt Bober for Monsanto and Mike Krause for Omega, had a phone call to discuss the supplemental production. During that call, Omega's counsel indicated that Omega could produce the additional documents by August 18th, but that Omega desired a protective order, as it may need to designate some of the production as confidential.

18. On August 13, 2015, Monsanto's counsel drafted and sent to Omega's counsel a proposed protective order to address the concerns raised during the August 11th phone call. A true and accurate copy of the August 13, 2015 e-mail with the attached proposed protective order is attached hereto as Exhibit 5.

19. As of the filing of this Motion, no additional documents responsive to Monsanto's first discovery requests have been produced.

20. Counsel certifies, pursuant to Local Rule 37 – 3.04 that counsel has conferred by telephone and electronic mail, as outlined above, with opposing counsel in good faith to resolve this matter, but has been unable to fully resolve this matter without Court assistance.

WHEREFORE, Plaintiffs Monsanto Company and Monsanto Technology, LLC respectfully request this Court compel Defendant to fully answer Monsanto's first set of Interrogatories and to fully produce all responsive documents to Monsanto's first set of requests for production, as well as any additional and further relief that the Court believes is justified.

**Respectfully submitted,**

THOMPSON COBURN LLP

By: */s/Daniel C. Cox*
Daniel C. Cox, Mo. E.D. Bar # 38902MO
Matthew S. Bober, Mo. E.D. Bar # 59825MO
THOMPSON COBURN, LLP
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
dcox@thompsoncoburn.com
mbober@thompsoncoburn.com

*Attorneys for Plaintiffs Monsanto Company and Monsanto Technology, LLC*

- 6 -

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 31st day of August, 2015, a true and accurate copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Michael I. Krause
Jeffrey D. Blake
Merchant and Gould
191 Peachtree Street NE
Suite 4300
Atlanta, GA 30303
404-954-5100
mkrause@merchantgould.com
jblake@merchantgould.com

J.L. King, II
Hudson King
615 North Virginia Ave.
P.O. Box 2520
Tifton, GA 31793
229-396-5845
jlking@hudsonkinglaw.com

*Attorneys for Defendant*

                                                                  */s/Daniel C. Cox*