UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> OMEGA FARM SUPPLY, INC. d/b/a <br> OMEGA FARM SUPPLY <br> & GIN COMPANY, <br><br> Defendant. | No. 4:14-cv-870-JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Monsanto Company and Monsanto Technology, LLC's (collectively "Monsanto") Motion to Compel. (Doc. No. 22.) In response to Monsanto's motion, Defendant Omega Farm Supply, Inc. ("Omega") responds that, with regard to some disputed requests, Omega has already fully responded, and with regard to some others, that they are "making every effort to locate responsive documents to the extent that they exist." (Doc. No. 23 at 2.) In response to the actual requests, Omega has also asserted a litany of objections. (Doc. No. 22-1.) Upon review of the parties' briefing and the discovery requests propounded, the Court will grant Monsanto's motion in substantial part.

### **Factual and Procedural Background**

On May 20, 2014, Monsanto filed its Complaint against Omega, alleging claims for breach of contract, inducement to infringe, and patent infringement with regard to two separate patents held by Monsanto. (Doc. No. 1.) Monsanto's patents relate to its seed technologies. Id.

Purchasers of Monsanto's technologically engineered seed are granted a limited use license, which generally prohibits the planting of saved, second generation seed. Id. at 5. Monsanto alleges that Omega entered into such an agreement, but subsequently breached it by facilitating the saving, ginning, and delinting of second generation Monsanto-produced seed. Id. at 5-6. Omega denies these allegations. (Doc. No. 18.)

On March 25, 2015, Monsanto served on Omega its First Set of Interrogatories and Requests for Production. (Doc. No. 22-1.) Omega responded on May 5, 2015, stating in response to some inquires that it "will produce" responsive documents, and objecting to numerous inquiries. Id. Monsanto's briefing suggests that, in the ensuing months, Omega has failed to produce responsive documents, and that counsel for Omega has repeatedly failed to respond to communications from Monsanto's counsel. (Doc. No. 26 at 3.)

**Legal Standard**

The Federal Rules relating to discovery permit each party to serve the opposing party with document requests and interrogatories which relate to "any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2) and 34(a). Where a party fails to cooperate in discovery, the propounding party may move the Court "for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

**Interrogatories and Requests for Production**

Identification of Growers, Entities, and Purchasers: In Interrogatory No. 1, Monsanto requests Omega to "describe in detail each grower and entity for whom you caught seed between 2009 and the present." (Doc. No. 22-1 at 3.) Request for Production No. 1 demands documents containing the same information. Id. at 8. Omega's responses, while providing some of the requested information, also state that "Omega does not maintain record [sic] indicating the exact

years of such activity." Id. In its motion, Monsanto explains that in fact, Omega's claim is erroneous: Omega's own previously submitted documents apparently undermine its claim. (Doc. No. 22 at 2.) Omega acknowledges that it "is currently examining its archived records and will produce responsive invoice documents . . . Omega will identify any additionally located growers if any such growers are evidenced through additionally located documents as they exist." (Doc. No. 23 at 2.)

Similarly, in Interrogatory No. 2, Monsanto requests Omega to "identify all persons to whom it sold or transferred cotton seed from another grower's harvest." (Doc. No. 22-1 at 3.) Although Omega responded that it was not aware of any such growers, Monsanto was able to identify two such responsive individuals utilizing Omega's own records. (Doc. No. 22 at 2.)

Omega has objected that these inquiries are "vague, compound, overbroad . . . [and] unduly burdensome" and has also objected that Monsanto is already in possession of some of the requested information. (Doc. No. 22-1 at 3, 5, 8). The Court overrules Omega's objections to these discovery requests. The Federal Rules allow a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The above-mentioned requests appear to be reasonably calculated to lead to material relevant to Monsanto's claims. Omega is ordered to identify and produce documents and information responsive to Interrogatory Nos. 1 and 2 and Request for Production No. 1, or to otherwise state definitively that all responsive documents and information have been provided.

Mechanical Changes Made to Gin: In Interrogatory No. 6 and Request for Production No. 2, Monsanto requests information related to changes allegedly made by Omega to its gin which would facilitate the use of second generation seed. (Doc. 22-1 at 7-9.) Omega answered Interrogatory No. 6 with a single sentence, and responds to Request for Production No. 2 by

- 3 -

stating that it will provide responsive photographs, but without a commitment to provide all responsive material. Id. Additionally, Omega asserts stock objections related to form and burdensomeness. (Doc. No. 22-1 at 7.) Monsanto argues that Omega's responses are cursory and insufficient. (Doc. No. 26 at 9.) The Court agrees. Monsanto's requests are reasonable within the limitations of Rule 26(b)(1), and Omega has failed to demonstrate how responding will be burdensome. Omega's objections are overruled, and Omega is ordered to fully and thoroughly identify and produce documents and information responsive to Interrogatory No. 6 and Request for Production No. 2.

Processes Related to Fuzzy Seed: In Interrogatory Nos. 4 and 7, Monsanto requests information related to Omega's processes for distributing fuzzy seed. (Doc. No. 22-1 at 6-7.) Omega has responded to each interrogatory as vague, overbroad, compound, and unduly burdensome. Id. Subject to these objections, Omega responds to both inquiries with the same sentence: "Growers may bring a wagon to the gin and request service from [three named individuals.]" Id. Monsanto argues that this response is cursory and fails to fully respond to the queries posed. (Doc. No. 26 at 9.) The Court agrees. Again, Monsanto's requests invoke information relevant to their claims and fall within the limitations of Rule 26(b)(1). Omega's objections are overruled, and Omega is ordered to fully and thoroughly identify and produce documents and information responsive to Interrogatories No. 4 and 7.

Documents Related to the Employment of Michael Brooks: Requests for Production Nos. 3, 4, and 5 seek information related to the employment and compensation of Michael Brooks, an individual who has been identified as having allegedly played a role in the conduct purportedly giving rise to Monsanto's Complaint. (Doc. No. 22 at 9-10.) Omega's own responses thus far have also identified Mr. Brooks as an individual with knowledge of facts relating to Monsanto's

claims. (See, e.g. Omega's response to Interrogatory No. 7, Doc. No. 22-1 at 8.) In general, Omega has responded that responsive documents do not exist. Id. However, Omega's reply briefing appears unclear on the issue. For example, while Omega's brief first states with regard to Request for Production No. 5 that "no such relevant documents exist under Omega's custody or control," it proceeds to almost immediately add that "[s]ubject to the foregoing, Omega will supplement its response to provide information concerning Michael Brooks' compensation once a Protective Order is put in place." (Doc. No. 23 at 5-6.)

Omega is ordered to identify and produce documents and information responsive to Requests for Production No. 3, 4, and 5, or to otherwise state definitively that all responsive documents and information have been provided. If a protective order is desired, such a proposal should be submitted to the Court in advance the response deadline set forth below.

Documents Related to Buddy Brogdon: Finally, Requests for Production Nos. 6 and 7 seek information related to Buddy Brogdon, a former co-owner of Omega Farm Supply. (Doc. No. 22-1 at 10-11.) Omega objects that the information requested is not relevant and is protected by the attorney-client privilege. Id. With regard to these requests, the Court agrees with Omega as to relevance. Monsanto has failed to carry its burden in explaining why information relating to Mr. Brogdon might be relevant to its claims. Although "the standard of relevance in the context of discovery is broader than in the context of admissibility," the discovery process cannot be used for "fishing expeditions in discovery." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Monsanto has made no showing or formal allegation that Mr. Brogdon is connected to the facts underlying claims in this lawsuit, and therefore, has not met a threshold showing of relevance. With respect to these two requests, Monsanto's motion is denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel is **GRANTED with respect to Interrogatories No. 1, 2, 4, 6 and 7, and with respect to Requests for Production No. 1, 2, 3, 4 and 5**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is **DENIED without prejudice with respect to Requests for Production No. 6 and 7**.

**IT IS FURTHER ORDERED** that Defendant Omega Farm Supply shall comply with this Order and respond to the above-specified outstanding or incomplete discovery requests no later than **Wednesday, October 28, 2015**.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2015.